IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARL KIRCHER and ROBERT BROCKWAY,**
individually and on behalf of all others similarly
situated,

**Plaintiffs,**

v.

**PUTNAM FUNDS TRUST, a business trust,**
**PUTNAM INVESTMENT MANAGEMENT, LLC,**
**EVERGREEN INTERNATIONAL TRUST, a business**
**trust, and EVERGREEN INVESTMENT**
**MANAGEMENT COMPANY, LLC,**

**Defendants.**                                  No. 03-CV-0691-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

This matter comes before the Court on Plaintiff's motion to remand and corrected motion to remand (Docs. 19 & 26).  Because this Court lacks subject matter jurisdiction over Plaintiff's claims, the Court remands this matter to the Madison County, Illinois Circuit Court.

On September 16, 2003, Carl Kircher and Robert Brockway filed this purported class action in the Madison County, Illinois Circuit Court against Putnam Funds Trust, Putnam Investment Management, LLC, Evergreen International Trust,

a business trust, and Evergreen Investment Management Company, LLC (Doc. 2).[1] Plaintiffs are long-term mutual fund investors who claim that the value of their shares were diluted by Defendants' certain practices. Plaintiffs' complaint contains four-counts alleging alternate theories based on state law claims of breach of fiduciary duty.

On October 23, 2003, Defendants removed the case to this Court based on federal question jurisdiction, **28 U.S.C. § 1331**. Specifically, Defendants maintain that Plaintiffs' claims are preempted by the Securities Litigation Uniform Standards Act of 1998, **15 U.S.C. § 77 *et seq.*** ("SLUSA") and that the complaint presents a substantial federal question. Thereafter, Plaintiffs filed a motion to remand.

## II. Analysis

Defendants may remove this case to this court only if the federal district courts would have original jurisdiction over the action. **See 28 U.S.C. § 1441;** ***Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)**. "[T]he burden of establishing federal jurisdiction falls on the party seeking removal." ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants do not contend that

---

[1] Plaintiffs seek to represent the following class: "All persons in the United States who held shares in the Putnam International Growth & Income Fund or Evergreen International Growth Fund for a period of more than fourteen days before redeeming or exchanging them during the period beginning from five years prior to and through the date of the filing of this complaint." (Doc. 2, ¶ 41). To date, no motion to certify the class has been filed. Thus, as of this date, this suit is *not* proceeding as a class action.

diversity jurisdiction exists. Thus, removal is appropriate only if the Court has federal question jurisdiction over Plaintiffs' claims.

The general rule is that a plaintiff is the master of his own complaint and can avoid federal question jurisdiction by pleading exclusively state law claims. *See Caterpillar*, 482 U.S. at 392; *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 103 (1983); *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). If the plaintiff's claim arises under state law, the mere assertion of federal preemption as a defensive argument-- sometimes called "conflict preemption"--will not confer federal question jurisdiction. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 63-64 (1987); *Franchise Tax Bd. of Cal.*, 463 U.S. at 9-12. "Complete preemption," on the other hand, is the doctrine which recognizes that federal law may sometimes so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character. *Metropolitan Life*, 481 U.S. at 63-64.

First, Defendants maintain that the allegations in Plaintiffs' complaint satisfy SLUSA's "in connection with" requirement. The Court rejects this argument.

SLUSA provides for the removal to federal court of certain class actions based on state law. **15 U.S.C. § 78bb(f)**. *Accord Professional Mgt Associates, Inc. Employees' Profit Sharing Plan v. KPMG, LLP*, 335 F.3d 800, 802 (8th Cir. 2003). SLUSA was enacted to prevent plaintiffs from seeking to evade the protections that federal law provides against abusive litigation by filing suit in state

court.  ***Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003)**.  The primary way SLUSA accomplishes this objective is by preempting certain securities fraud class actions brought under state law.  ***Id.***  The Eighth Circuit Court of Appeals stated:

> With some exceptions, SLUSA made the federal courts the exclusive fora for most class actions involving the purchase and sale of securities.  Primarily, SLUSA mandates that any class action based on an allegation that a "covered security" was sold [or purchased] through misrepresentation, manipulation, or deception shall be removable to federal court.

***Green v. Ameritrade, Inc.*, 279 F.3d 590, 595-596 (8th Cir. 2002)**.

However, not all securities claims are preempted by SLUSA.  A party claiming SLUSA preemption must demonstrate that the claim satisfies the following:

> (1) the action is a "covered class action" under SLUSA, (2) the action purports to be based on state law, (3) the defendant is alleged to have misrepresented or omitted a material fact (or to have used or employed any manipulative or deceptive device or contrivance), and the defendant is alleged to have engaged in conduct described by criterion (3) "in connection with" the purchase or sale of a "covered security."

***Id*. at 595 (*citing* 15 U.S.C. §§ 78bb(f)(1)-(2)**.

Based on the following, the Court finds that Defendants have not met the fourth requirement for SLUSA preemption. Plaintiffs' claims are not claims "in connection with the purchase or sale of a covered security."  There is no claim asserted by a purchaser or seller; the claims are brought by those who held shares.

If a claim is not cognizable under Section 10(b)(5) of the Securities and Exchange Act of 1934 because not "in connection the purchase or sale of a covered security," it similarly is not a claim "in connection with the purchase or sale of a covered security" for SLUSA purposes.

Just the other day, the Honorable Michael J. Reagan addressed this exact issue in ***Bradfisch v. Templeton Funds, Inc., et al.*, 03-CV-0760-MJR (January 23, 2004)** and found that SLUSA does *not* preempt state law claims of breach of fiduciary duty.[2]  Judge Reagan held:

> "Bradfisch claims dilution of his ownership interests and voting rights.  Bradfisch's complaint alleges dilution claims that only a holder of securities can bring.  Such claims are not actionable under the Securities and Exchange Act of 1934.  State law, not the 1934 Act, provides the remedy sought by Bradfisch and the class of holders he seeks to represent.  Bradfisch's claims cannot be removed under SLUSA."

***Bradfisch*, 2003-CV-0760 (Doc. 18, p. 6)**.  This Court agrees with Judge Reagan's reasoning and finds that SLUSA does not permit removal of Plaintiffs' claims.

Next, Defendants maintain that removal was proper because a substantial federal question is presented on the face of Plaintiffs' complaint, namely the Investment Company Act of 1940, **15 U.S.C. § § 80a-1, *et seq*. ("ICA")**.  The Court rejects this argument.  Again, the Court agrees with Judge Reagan's ruling in ***Bradfisch*** on this issue.  ***Bradfisch*, 2003-CV-0760 (Doc. 18, p. 7)**.  As in

---

[2]  The Bradfisch allegations and the allegations of this case are almost identical.

***Bradfisch***, the Plaintiffs have not asserted claims under the ICA and Defendants have not identified any provision of the ICA which would render their state law claims removable to this Court.

### III.  Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' motion to remand and corrected motion to remand (Docs. 19 & 26).  Because the Court lacks subject matter jurisdiction, the Court **REMANDS** this action to the Madison County, Illinois Circuit Court.  Further, the Court **DENIES as moot** Defendants' motion to stay (Doc. 15).

**IT IS SO ORDERED.**

Signed this 27th day of January, 2004.

/s/   David R. Herndon
**DAVID R. HERNDON**
**United States District Judge**